UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| MOHIT KUMAR, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 1:17-cv-01500-JMS-DML |
| TATA CONSULTANCY SERVICES LIMITED, | ) ) ) |  |
| Defendant. | ) |  |

# **ORDER**

This matter is before the Court on Defendant Tata Consultancy Services Limited's ("Tata") Motion to Dismiss Complaint, or, in the Alternative, for Judicial Estoppel ("Motion to Dismiss"), [Filing No. 10], as well as its Motion to Strike, [Filing No. 23]. Tata argues that Plaintiff Mohit Kumar filed this action after the discharge of his personal debt in Chapter 7 bankruptcy, despite being aware of the legal claims at the time he filed for bankruptcy. Tata argues that the Bankruptcy Court has not formally closed Mr. Kumar's case, which means Kumar lacks standing to bring the legal claims, as they are still property of the bankruptcy estate. Tata argues in the alternative that Mr. Kumar should be judicially estopped from pursuing these claims because he purposefully withheld his claims from the bankruptcy estate. Finally, Tata moves to strike Mr. Kumar's Response to Defendant's Reply. [Filing No. 22.] For the reasons set forth below, the Court denies both of Tata's motions.

## I.
### STANDARD OF REVIEW

Tata moves the Court to dismiss Mr. Kumar's Complaint, [Filing No. 1], pursuant to Federal Rule of Civil Procedure 12(h)(3), which states, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A party may assert lack of

subject-matter jurisdiction in a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), which Tata has done here. "Motions to dismiss under 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). "In the context of a motion to dismiss for lack of subject matter jurisdiction, we accept as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff." *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002). "[A] plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588-89.

## II.
### BACKGROUND

On February 1, 2016, Mr. Kumar filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Tata, his former employer. [Filing No. 1-1.] Mr. Kumar alleged that Tata discriminated against him because of his national origin and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended. [Filing No. 1-1 at 2.]

On January 25, 2017, Mr. Kumar filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana ("Bankruptcy Petition").[1] [*In re Mohamit Kumar*, 17-00397-JJG-7 (Bankr. S.D. Ind.) ("*In re Kumar*"), Dkt. No. 1.] Under the "Property" section of the Bankruptcy Petition, Mr. Kumar checked "No" for Item Number 33, which asks, "Do you own or have any legal or equitable interest in … [c]laims against third parties, whether or not you have filed a lawsuit or made a demand for

---

[1] The Court may consider Mr. Kumar's bankruptcy documents, as they are public court records and subject to judicial notice. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012).

2

payment[.] *Examples:* Accidents, employment disputes, insurance claims, or rights to sue[.]" [*In re Kumar*, Dkt. No. 1 at 10, 13.]

The EEOC dismissed Mr. Kumar's Charge of Discrimination and issued him a Right to Sue Letter on February 10, 2017. [Filing No. 1-2.] Mr. Kumar did not amend his Bankruptcy Petition to include the Right to Sue Letter.

On April 25, 2017, the Bankruptcy Court entered an Order of Discharge and closed Mr. Kumar's bankruptcy proceedings. [*In re Kumar*, Dkt. No. 12.]

On May 8, 2017, Mr. Kumar filed the instant Complaint *pro se*, reiterating the allegations set forth in the EEOC Charge of Discrimination and requesting damages in the amount of $100,000,000.00 [Filing No. 1.]

On September 18, 2017, Tata filed its Motion to Dismiss, asserting that Mr. Kumar lacked standing to bring his claims because they were property of the bankruptcy estate. [Filing No. 10.]

On October 9, 2017, Mr. Kumar, by counsel, filed a Motion of Debtor to Reopen Case ("Motion to Reopen"). [*In re Kumar*, Dkt. No. 15.] In the Motion to Reopen, Mr. Kumar claimed that his failure to disclose his legal claims was "due to [Mr. Kumar's] belief that a valid claim did not exist at the time." [*In re Kumar*, Dkt. No. 15 at 1.] He further stated that, following a conversation with an employment discrimination attorney, Mr. Kumar "was advised that he should have reported the claim either at the time the case was filed or afterwards at the point he realized a valid pre-petition claim existed. [Mr. Kumar] did not understand these responsibilities beforehand." [*In re Kumar*, Dkt. No. 15 at 1-2.] The Motion to Reopen also stated that the trustee had been notified and wished to speak with the attorneys involved in the matter to ascertain the value of Mr. Kumar's discrimination claims. [*In re Kumar*, Dkt. No. 15 at 2.] In conjunction

3

with the Motion to Reopen, Mr. Kumar filed an Amended Schedule to list his EEOC Charge of Discrimination, the value of which he claimed to be "Unknown." [*In re Kumar*, Dkt. No. 16 at 6.]

On October 10, 2017, the Bankruptcy Court issued an Order Granting Motion to Reopen Bankruptcy Case and reappointed the trustee. [*In re Kumar*, Dkt. No. 17.]

On October 25, 2017, the trustee filed a "Chapter 7 Trustee's Report of No Distribution," which stated that the trustee "made a diligent inquiry into the financial affairs of [Mr. Kumar] … and [] there is no property available for distribution from the estate over and above that exempted by law." [*In re Kumar*, Dkt. No. 18.] The trustee concluded that the estate had been fully administered and requested discharge from any further duties as trustee. [*In re Kumar*, Dkt. No. 18.]

On December 6, 2017, after full briefing of the two motions presently before the Court, the Bankruptcy Court issued a Final Decree, which stated, "The estate of [Mr. Kumar] has been fully administered. The trustee is discharged from any further duties as trustee on this case, the bond is canceled, and the case is closed." [*In re Kumar*, Dkt. No. 20.]

### III.
#### DISCUSSION

**A. Motion to Dismiss**

Tata first argues that Mr. Kumar lacks standing to bring these claims because they are property of the bankruptcy estate. Once a debtor files for Chapter 7 bankruptcy, the Bankruptcy Code mandates inclusion in the bankruptcy estate of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This provision's reach is broad and includes "every conceivable interest of the debtor, future, nonpossessory, speculative, and derivative" that the debtor held on the petition date. *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993), *abrogated on other grounds by Law v. Siegel*, ⸺ U.S. ⸺, 134 S.Ct. 1188, (2014). This

4

provision includes causes of action. *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000) ("Although a cause of action is perhaps not 'personal property' in the usual sense, the definition in the Bankruptcy Code of property belonging to the debtor's estate … has uniformly been interpreted to include causes of action….") (citation omitted). "In liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). A trustee "may abandon worthless or low value assets, including legal claims," and upon abandonment, the debtor may "prosecute[] the suit in his own name." *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) (citing 11 U.S.C. § 554(a)); *see also Matthews v. Potter*, 316 Fed. Appx. 518, 521-22 (7th Cir. 2009) (citing *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008)).

Following an investigation into the worth of Mr. Kumar's legal claims against Tata, the trustee declined to pursue the legal claims on behalf of the bankruptcy estate and requested discharge. On December 6, 2017, the Bankruptcy Court granted the trustee's request and concluded that the estate was fully administered and the case closed. As a result, the legal claims became the property of Mr. Kumar, who may pursue them on his own behalf in this Court. Therefore, Tata's Motion to Dismiss, [Filing No. 10], is **DENIED**.

### B. Judicial Estoppel

In the alternative, Tata requests that Mr. Kumar be judicially estopped from bringing his claims, which is appropriate now that the trustee has abandoned the claims. *Biesek*, 440 F.3d at 413 (only following the abandonment of claims by the trustee does it become "necessary to consider judicial estoppel."). Judicial estoppel is an equitable doctrine intended to "induce[] debtors to be truthful in their bankruptcy filings." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448

(7th Cir. 2006). It is often applied to a debtor's cause of action when the debtor "conceals a legal claim and denies owning the asset in bankruptcy." *Matthews*, 316 Fed. Appx. at 522. Estoppel may be deemed inappropriate when the party's nondisclosure was based on inadvertence or mistake. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001); *Williams v. Hainje*, 375 Fed. Appx. 625, 628 (7th Cir. 2010). "Manipulation may occur when a debtor deliberately conceals a contingent or unliquidated claim during bankruptcy proceedings and then later seeks to profit from that claim after obtaining a discharge of her debts." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014). "Courts do not apply judicial estoppel for the benefit of the defendant but try to protect courts and creditors from deception." *Id.*

Tata relies heavily on *Wiggins v. Citizens Gas & Coke Utility*, in support of its argument that the Court should judicially estop Mr. Kumar from pursuing his legal claims. 1:03-cv-1882-SEB-JMS, 2008 WL 4530679 (S.D. Ind. Oct. 7, 2008). In *Wiggins,* the plaintiff filed a charge with the EEOC on July 1, 2002, alleging that his employer discriminated against him. *Id.*, at *1. Two months later, the plaintiff filed a petition for Chapter 7 bankruptcy without disclosing his EEOC charge. *Id.* After the trustee reported no receipt or distribution of assets, the bankruptcy court granted him a discharge of his debts and closed the case. *Id.* Over two and a half years later, the plaintiff filed a lawsuit against his employer based on the alleged discrimination. *Id.* In response to his employer's interrogatory, the plaintiff denied filing for personal bankruptcy after June 2002, which was untrue. *Id.* With only seven days until the trial date, the employer notified the court that it had discovered that the plaintiff had failed to disclose his Chapter 7 bankruptcy to it during discovery, and that the plaintiff had failed to disclose his EEOC charge to the bankruptcy court in his Chapter 7 bankruptcy petition years earlier. *Id.* The employer subsequently filed a motion to dismiss. *Id.* The bankruptcy court to reopened his case, declared his employment

6

discrimination claim to the bankruptcy court, and substituted the trustee as the real party in interest for the plaintiff's claim. *Id.* The district court applied judicial estoppel to cap the plaintiff's damages because "corrective action taken only after being 'caught' and compelled to do so by one's opponent is too late; it is not a defense to the application of judicial estoppel." *Id.*., at *3. The court found that there was "no doubt that [the plaintiff] was aware of his claims against [the employer] when he filed his petition for bankruptcy protection," and he was "bound by the actions of his counsel and by his own signatures on his bankruptcy filings." *Id.*

In response, Mr. Kumar argues that his case is more similar to the facts found in *Thomas v. Indiana Oxygen Company, Inc.*, wherein this Court declined to judicially estop the plaintiff from pursuing his claims. 32 F. Supp. 3d 983 (S.D. Ind. 2014). In *Thomas*, the Court noted that the plaintiff, like the plaintiff in *Wiggins*, did not disclose his lawsuit until after the filing of the defendant's motion to dismiss. *Id.* at 991. The Court observed, however, that the *Wiggins* plaintiff "actively and deliberately denied filing a personal bankruptcy after June 2002 in response to the defendant's interrogatory, whereas there is no evidence that Mr. Thomas intentionally manipulated the Bankruptcy Court or this Court by lying on his Petition or any other court document." *Id.* (internal citation omitted). [2]

---

[2] Tata attempts to distinguish *Thompson* and *Wiggins* by arguing that *Wiggins* involved a Chapter 13 petition that and *Thompson* a Chapter 7 petition. [Filing No. 21 at 6-7.] Tata essentially argues, without citation to any relevant authority, that only Chapter 13 debtors may pursue legal claims abandoned by a trustee as they are brought on behalf of the estate and the creditors; a Chapter 7 debtor may only bring claims on his or her own behalf. In other words, Tata asserts Chapter 7 debtors wholly lack standing because they seek relief on their own behalf. Tata's failure to cite to relevant authority constitutes waiver of this argument. *See Sanchez v. Miller*, 792 F.2d 697, 703 (7th Cir. 1986) (failure to cite relevant authority constitutes a waiver). Moreover, several courts have found Chapter 7 debtors to have standing to bring their claims following an abandonment of the lawsuit by the trustee. *See, e.g., Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542 (7th Cir. 2014); *Matthews v. Potter*, 316 Fed. Appx. 518 (7th Cir. 2009); *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894 (6th Cir. 2004).

The Seventh Circuit exercised a similar approach in *Spaine v. Community Contacts, Inc.* to address the "recurring issue that can arise when a debtor files for bankruptcy protection without disclosing a contingent claim, such as an employment discrimination lawsuit, and later seeks to correct the failure to disclose the claim." 756 F.3d at 543-44. The defendant in *Spaine* filed for summary judgment on the grounds that the plaintiff should be judicially estopped from pursuing her employment discrimination claim because she failed to disclose it as an asset in her initial bankruptcy petition. *Id.* at 544. The plaintiff requested and obtained leave of the bankruptcy court to amend her petition to include her employment discrimination claim. *Id.* Despite an affidavit from the plaintiff stating that she orally informed the bankruptcy court of her lawsuit, the district court granted the defendant summary judgment and found that the plaintiff only amended the petition after she was caught and intended to conceal her claims from creditors. *Id.*

The Seventh Circuit reversed the district court, concluding that a genuine dispute remained about the plaintiff's intent in not disclosing her lawsuit in her initial petition. *Id.* The *Spaine* court concluded that "the evidence in this case shows nothing more than incomplete schedules that were timely corrected through an oral disclosure. That evidence certainly does not compel an inference of deceit on Spaine's part." *Id.* at 547. The court distinguished cases where a plaintiff makes an "affirmative misrepresentation[]" with the plaintiff's, in which the evidence "is limited to an omission followed by a truthful oral disclosure by Spaine, not misrepresentations." *Id.* at 547-48 (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004) (debtors misinformed creditors that lawsuit was barred by statute of limitations and of no value); *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151 (10th Cir. 2007) (debtor petitioned for bankruptcy nine months after filing a lawsuit and when directly asked by the trustee whether any suit was pending, he said no)).

The facts in this case are similar to those cases that have found application of judicial estoppel to be an inappropriate resolution, rather than a required judicial measure to protect the court's and the debtors' interests. There is no evidence of record that Mr. Kumar made any affirmative misrepresentation to the bankruptcy court or any of his creditors.[3] Moreover, approximately two weeks after Tata filed its Motion to Dismiss, Mr. Kumar sought to correct his error through his Motion to Reopen. [*In re Kumar*, Dkt. No. 15.] Furthermore, in his Motion to Reopen, Mr. Kumar explains that he did not understand the responsibilities of listing his claim in his Bankruptcy Petition. [*In re Kumar*, Dkt. No. 15 at 1-2.] At this stage in the proceedings, and providing Mr. Kumar all reasonable inferences in his favor, the Court cannot find that Mr. Kumar's omission of his legal claims from his Bankruptcy Petition was intentional. For the reasons listed above, Mr. Kumar may proceed with his employment discrimination claims against Tata.

### C. Motion to Strike

Following Tata's Reply in Support of Motion to Dismiss ("Reply"), [Filing No. 21], Mr. Kumar filed, without leave of the Court, a Response to Defendant's Reply ("Surreply"). [Filing No. 22.] Tata has filed a Motion to Strike Mr. Kumar's Surreply pursuant to Local Rule 7-1. [Filing No. 23.] Mr. Kumar's Surreply, however, did not assert any new arguments or facts to

---

[3] Although there is no cited evidence that his nondisclosure was inadvertent, all reasonable inferences are made in favor of Mr. Kumar on a Rule 12(b)(1) motion. *See Posley v. Clarian Health*, No. 1:11-cv-1511-TWP-MJD, 2012 WL 4101914, at *6 (S.D. Ind. Sept. 17, 2012) (At this early stage in the proceedings … the Court cannot make a negative determination regarding the intent and motivation of [the plaintiff] when she omitted the lawsuit from her bankruptcy schedules. Even if the Court inferred manipulative or deceptive motivation from the record, for purposes of the Motion to Dismiss, the Court makes all reasonable inferences in favor of [the plaintiff]"); *see also Aikens v. Soul Circus, Inc.*, No. 09 C 6678, 2011 WL 2550828, at *5 (N.D. Ill. June 24, 2011) ("[Judicial estoppel] is an argument more appropriate for summary judgment….").

which this Court was not already informed, since it has taken judicial notice of all of Mr. Kumar's bankruptcy proceedings. Accordingly, Tata's Motion to Strike is **DENIED AS MOOT**.

## IV.
### CONCLUSION

For the reasons stated herein, Tata's Motion to Dismiss Complaint, or, in the Alternative, for Judicial Estoppel, [10], and its Motion to Strike [23], are **DENIED**.

Date: 1/16/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Zachary A. Ahonen
JACKSON LEWIS PC (Indianapolis)
zachary.ahonen@jacksonlewis.com

Heather R. Falks
STEWART & STEWART
heatherf@getstewart.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
padgettm@jacksonlewis.com