UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MOHIT KUMAR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-01500-JPH-DML ) |
| TATA CONSULTANCY SERVICES LIMITED, | ) ) ) ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO DISMISS**

Two years ago, Mohit Kumar filed a complaint alleging Tata Consultancy Services Limited discriminated against him because of his nationality. Since then, Mr. Kumar has not responded to discovery, appeared for his depositions, responded to motions, or provided a settlement demand. Tata has moved to dismiss this case. Because Mr. Kumar has failed participate in the case in violation of two Court orders, the Court **GRANTS** the motion and **DISMISSES** the case with prejudice. Dkt. [53].

I.
**Facts and Background**

Mr. Kumar alleges that Tata terminated his employment and retaliated against him because of his nationality. Dkt. 1 at 4; dkt. 1-1. After filing his *pro se* complaint in May 2017, Mr. Kumar retained counsel from November 2017 until March 2018. Since March 2018, Mr. Kumar has again litigated the case *pro se*. Dkt. 14; dkt. 40.

1

During an August 2018 status conference, Magistrate Judge Lynch ordered Mr. Kumar to promptly submit a written settlement proposal to Tata. Dkt. 45; dkt. 54-1 ¶ 4. A month later, Mr. Kumar called Tata's counsel, asking what the case "might settle for." Dkt. 54-1 ¶ 5. Tata's counsel reminded Mr. Kumar that he was required to make the initial settlement offer. *Id.* Mr. Kumar, however, never made a settlement demand. *Id.* ¶ 6.

Shortly before this conversation, Tata served interrogatories, requests for production of documents, and a deposition notice on Mr. Kumar. Dkt. 48-1; dkt. 48-2. Mr. Kumar did not respond to the written discovery and never appeared for his deposition. Dkt. 48 ¶¶ 2-3, 5; dkt. 54 at 2. Mr. Kumar never communicated with Tata about rescheduling his deposition and never requested an extension on the written discovery. Dkt. 48 ¶ 6; dkt. 54 at 2.

Tata then filed a motion to compel, dkt. 48; Mr. Kumar never responded. Magistrate Judge Lynch granted the motion and ordered Mr. Kumar to attend his deposition and respond to the discovery. Dkt. 50. She also warned Mr. Kumar that "**if he fails to comply with this order and to participate in discovery, he is subject to sanctions, which may include the dismissal of his claims**." *Id.* (bold in original).

Since that order, Mr. Kumar has not responded to any of Tata's written discovery requests. Dkt. 54-1 ¶ 7. In addition, Tata rescheduled Mr. Kumar's deposition and served him with an amended deposition notice. Dkt. 54-2. He never appeared for the rescheduled deposition. Dkt. 54-1 ¶ 7. He has not spoken with Tata's attorneys about the discovery or depositions. *Id.* ¶ 8.

Tata filed a motion to dismiss Mr. Kumar's complaint because of his failure to participate in discovery or comply with the Court's orders. Dkt. 54. Mr. Kumar has not responded to that motion.

## II.
## Discussion

Tata moved to dismiss Mr. Kumar's complaint under Rule 41(b) and Rule 37(b)(2) of the Federal Rules of Civil Procedure. Both rules support dismissing this case.

### A.   Rule 41(b)

Tata argues that this case should be dismissed under Rule 41(b) because Mr. Kumar has violated deadlines set in Court orders and in the Federal Rules of Civil Procedure. Under Rule 41(b), a court may dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Dismissal is a harsh sanction, so it is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Before dismissing under Rule 41(b), the Court should consider:

1. the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit,
2. the apportionment of responsibility for those failures between the plaintiff and his counsel,
3. the effect of those failures on the judge's calendar and time,
4. the prejudice if any to the defendant caused by the plaintiff's dilatory conduct,
5. the probable merits of the suit, and

3

6. the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (numbers added). Here, dismissal is appropriate under these factors.

First, Mr. Kumar has frequently failed to comply with the Federal Rules of Civil Procedure and has violated Court orders. In violation of the Federal Rules of Civil Procedure 30, 33, and 34, Mr. Kumar never responded to any written discovery and never attended his schedule depositions. Dkt. 54-1 ¶ 7. Mr. Kumar has also violated a Court order requiring him to provide a settlement demand and an order requiring him to provide discovery responses and attend his deposition. Dkt. 50; dkt. 54-1 ¶ 4. This conduct is flagrant enough to warrant dismissal. *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179 (7th Cir. 1987) (dismissing case after plaintiff failed to respond to interrogatories and production requests by a court-ordered deadline).

Second, Mr. Kumar has chosen to litigate this case *pro se*, so he bears the responsibility for these mistakes. Courts frequently prefer to impose lesser sanctions before resorting to dismissal to avoid punishing innocent plaintiffs for a lawyer's mistakes. *See Ball v. City of Chicago*, 2 F.3d 752, 757 (7th Cir. 1993). But Mr. Kumar is acting as his own attorney, so he alone is faulted for his errors. *McInnis v. Duncan,* 697 F.3d 661, 665 (7th Cir. 2012) (affirming dismissal under Rule 41(b) against *pro se* plaintiff).

Third, Mr. Kumar's actions have caused needless delays in litigation. Despite starting more than two years ago, this case has made little progress.

Discovery has not been exchanged, depositions have not been taken, and a settlement has not been discussed. Without Mr. Kumar's participation, the case has stalled.

Fourth, Tata is prejudiced because—without evidence gathered through discovery—it has been unable to prepare its defenses or file a dispositive motion. Furthermore, Mr. Kumar has failed to provide any reason for his delays in this case, creating a presumption of prejudice. *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) (stating that "[a]n unreasonable delay gives rise to a presumption of prejudice" after the plaintiff failed to communicate with opposing counsel for sixteen months).

Fifth, without any briefing on the substance of Mr. Kumar's claims, the Court cannot weigh the merits of Mr. Kumar's claims. *Citizens for Appropriate Rural Roads, Inc. v. LaHood*, No. 1:11-cv-01031, 2013 WL 5775070, at *5 (S.D. Ind. Oct. 25, 2013). But Mr. Kumar's inability to retain counsel suggests that his case may be weak. *Wilson v. Asture*, No. 08-c-890, 2010 WL 2292935, at *2 (E.D. Wis. June 3, 2010) (noting that the plaintiff's "inability to obtain counsel may be a reflection of a low likelihood of probable success on the merits of the action"). Furthermore, Mr. Kumar appears to have "lost interest in prosecuting this lawsuit," which also suggests that his "lawsuit is of questionable merit." *Lewis v. Shalala*, No. 93-cv-1103, 1994 WL 776895, at *3 (E.D. Wis. Nov. 28, 1994).

Finally, Mr. Kumar has alleged he is a victim of discrimination, so this factor weighs slightly against dismissal because the social objectives of this

5

type of litigation will be impaired if the case is dismissed. *Jones v. Runaway Bay Apartments M/A Mgmt. Corp.*, No. 3:17-cv-210, 2018 WL 5044075, at *2 (N.D. Ind. Oct. 17, 2018) (noting that the social objectives of a housing-discrimination case weighed "slightly against dismissal").

In total, dismissal under Rule 41(b) is warranted here. While dismissal is a severe punishment, Mr. Kumar was expressly warned that if he failed to respond to discovery or appear for his deposition, his claims could be dismissed. Dkt. 50. Mr. Kumar chose to flout that order, and his claims are now dismissed as he was told they could be.

**B.    Rule 37(b)(2).**

Tata also argues that the Court should dismiss this case as a discovery sanction under Rule 37(b). Federal Rule of Civil Procedure 37(b) allows a court to dismiss an action if the plaintiff "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal as a discovery sanction is appropriate only if the plaintiff displayed willfulness, bad faith, or fault. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Dismissal must be a proportionate sanction under the circumstances. *Maynard v. Nygren*, 372 F.3d 890, 892–93 (7th Cir. 2004).

Dismissal is a "drastic penalty," but it is appropriate when a party has willfully failed to cooperate in discovery. *Negrete v. Nat'l R.R. Passenger Corp.*, 547 F.3d 721, 724 (7th Cir. 2008). For example, dismissal is appropriate when a plaintiff has failed to provide sufficient responses to written discovery in violation of a court order. *Nelson v. Schultz*, 878 F.3d 236 (7th Cir. 2017).

Dismissal is also appropriate if a party refuses to participate in a deposition. *Collins*, 554 F.3d at 696 ("The district court's choice of dismissal was reasonable given [the plaintiff's] willful refusal to be deposed.").

Here, dismissal is an appropriate sanction because Mr. Kumar failed to comply with the Court's order granting Tata's motion to compel. Dkt. 50. On November 20, 2018, the Court ordered Mr. Kumar to serve answers to Tata's written discovery and appear for his deposition. *Id.* More than six months have passed since that order, yet Mr. Kumar has not responded to Tata's written discovery. Dkt. 48; dkt. 54-1 ¶¶ 7-8. He also failed to appear for his deposition, twice, without providing notice to Tata or attempting to reschedule. Dkt. 54-1 ¶ 7. Since Mr. Kumar has refused to participate in discovery despite the Court's order, dismissing the case is an appropriate sanction.

In total, dismissal is warranted here under both Rule 37(b) and 41(b). Courts frequently find that a plaintiff's failure to participate in discovery and comply with Court orders to compel discovery can be grounds for dismissal under either Rule 41(b) or 37(b). *See Jennings v. Sallie Mae, Inc.*, 358 F. App'x 719, 721 (7th Cir. 2009); *Nelson*, 878 F.3d 236; *Roland*, 811 F.2d 1175. Mr. Kumar has failed to respond to interrogatories, attend his deposition, or provide documents. He has not offered a settlement demand, communicated with Tata about his discovery lapses, responded to motions, or complied with Court orders. Therefore, dismissal is warranted under both either Rule 37(b) and 41(b).

7

# III.
# Conclusion

The Court **GRANTS** Tata's motion to dismiss, dkt. [53], and **DISMISSES** this case with prejudice. *See Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (stating that "failure to prosecute a case should be punished by dismissal of the case with prejudice" and that dismissal without prejudice would not be meaningful sanction). The Court will enter final judgment by separate order.

**SO ORDERED.**
Date: 6/25/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MOHIT KUMAR
3711 Pebble Creek Dr
Indianapolis, IN 46268

Zachary A. Ahonen
JACKSON LEWIS PC (Indianapolis)
zachary.ahonen@jacksonlewis.com

Drew Christopher Ambrose
JACKSON LEWIS PC (Indianapolis)
drew.ambrose@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
padgettm@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com